[CHAMBERSBURG, NOVEMBER 1, 1828.]

## RITCHIE *against* SHANNON.

### IN ERROR.

Damages for detention, are recoverable in a suit for a penalty, by the party grieved: but it is otherwise in the case of a common informer.

WRIT of error to the Court of Common Pleas of *Cumberland* county.

Debt by *John Shannon,* the defendant in error and plaintiff below, against *William Ritchie,* the plaintiff in error, to recover the penalty of fifty dollars, for taking from the said *Shannon* excessive fees in a suit before the said *Ritchie,* as a justice of the peace. In

(Ritchie *v.* Shannon.)

the court below, judgment was rendered for the plaintiff for fifty dollars, the penalty, with six cents damages, and six cents costs.

Several errors were now assigned, but the only one noticed in the opinion of this court was, that the verdict was defective, it being contended, that there could be no damages for the detention of a penalty.

*Penrose,* for the plaintiff in error.
*Carothers, contra.*

The opinion of the court was delivered by

GIBSON, C. J.—None of the exceptions merit particular notice, but that which is taken to the form of the verdict. In every sort of action, it has been almost a universal practice to take the verdict in this form, arising no doubt from inattention; and for so very small a matter, we should not be astute to overturn a judgment. Perhaps the maxim *de minimis,* might be applicable to it. Haply, we are relieved from difficulty in this instance, by the decision in *Norris v. Pilmore,* 1 *Yeates,* 408, where it is shown, that a penalty given to the party grieved, accrues at the commission of the offence; and consequently, that there may be damages for detention; but that it is otherwise in the case of a common informer, who has no interest before judgment. This decision is well founded in technical reason, and supported beside by good authority. The verdict, therefore, is unexceptionable in substance and in form.

Judgment affirmed.